ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ENHANCERS, INC.<br><br>Demandante- Apelado<br><br>V.<br><br>GREENVILLE APTS., INC.<br><br>Demandado- Apelante | KLAN202400429 | *Apelación*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Guaynabo |
|---|---|---|
| | | Civil Núm.: D2CD2016-0208 (0201) |
| | | SOBRE: Ejecución de Hipoteca; Cobro de Dinero |

Panel integrado por su presidente el Juez Sánchez Ramos, el Juez Rivera Torres y el Juez Salgado Schwarz.

Salgado Schwarz, Carlos G., Juez Ponente.

# S E N T E N C I A

En San Juan, Puerto Rico, a 15 de mayo de 2024.

Comparece José Rivera Trinidad (en adelante "Apelante" o "Sr. Rivera Trinidad") mediante derecho propio y solicita que revoquemos la Orden emitida por el Tribunal de Primera Instancia, Sala de Guaynabo (en adelante "TPI"). En esa ocasión, el TPI señaló una subasta con relación a la propiedad en controversia, la cual ubica en la urbanización Greenville en Guaynabo.

Por los fundamentos que exponemos a continuación, se **desestima** el recurso.

-I-

A continuación, exponemos los hechos pertinentes ante nuestra consideración.

Según surge de los autos del caso, el cual se encuentra en procesos post sentencia, el 26 de febrero de 2024 el TPI emitió un *Mandamiento de Ejecución de Sentencia* sobre la propiedad que ubica en la

Número Identificador

SEN2024_____

urbanización Greenville en Guaynabo perteneciente al Apelante. Conforme a lo anterior, el 18 de marzo de 2024 el TPI publicó un *Aviso de Subasta* informando que la vista en cuestión se llevaría a cabo el 7 de mayo de 2024. Inconforme con la celebración de dicha vista, el 29 de abril de 2024 el Apelante presentó una moción de reconsideración ante el TPI. Cuatro días después, y sin haberse resuelto la referida moción, el 2 de mayo de 2024 el Sr. Rivera Trinidad presentó un recurso de apelación ante esta Curia solicitando la suspensión de la subasta.

-II-

**A. Falta de Jurisdicción**

Es norma reiterada en nuestro ordenamiento jurídico procesal que los "tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen."[1] La jurisdicción es el poder o autoridad de los tribunales para considerar y decidir casos y controversias.[2] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a desestimar el recurso -toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho- pues la ausencia de jurisdicción es insubsanable.[3]

La Regla 16 del Reglamento del Tribunal de Apelaciones detalla las partes que contendrá un escrito apelativo. A tales fines, y en lo aquí concerniente, dicha regla dispone que la parte deberá incluir "*un*

---

[1] *SLG Szendrey-Ramos* v. *F. Castillo*, 169 DPR 873, 882 (2007); *Peerless Oil* v. *Hnos. Torres Pérez*, 186 DPR 239, 250 (2012).
[2] *Allied Mgmt. Grp.,* Inc. v. Oriental Bank, 204 DPR 374, 385 (2020); *Solá Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).
[3] *Shell* v. *Srio. Hacienda*, 187 DPR 109, 123 (2012).

*señalamiento breve y conciso de los errores que a juicio de la parte apelante cometió el Tribunal de Primera Instancia.*"[4]

Por otro lado, la Regla 83 del Reglamento del Tribunal de Apelaciones dispone, en parte pertinente, lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>> (1) que el Tribunal de Apelaciones carece de jurisdicción.
>> (2) …
>> (3) que no se ha presentado o proseguido con diligencia o de buena fe;
>> (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;
>> (5) …
>
> **(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente.**[5]

-III-

Luego del correspondiente análisis de los documentos que obran en el expediente y a la luz del derecho aplicable, forzoso nos es desestimar el presente recurso por falta de jurisdicción.

Surge claramente del recurso presentado, el cual no podemos necesariamente categorizar como Apelación, ya que el vehículo adecuado para revisar los procedimientos post sentencia lo es el recurso discrecional del *Certiorari*[6]*,* que el compareciente incumplió crasamente

---

[4] 4 LPRA Ap. XXII-B, R. 16 (C)(1)(e).
[5] 4 LPRA Ap. XXII-B, R. 83 (B)(1), (C). *Énfasis suplido.*
[6] Se mantendrá la clasificación alfanumérica por economía procesal.

con las disposiciones reglamentarias del Tribunal de Apelaciones referente al contenido del recurso y en la medida en que no identificó los errores que, a su juicio, cometió el TPI.

Ante un escenario como el de autos, el Tribunal de Apelaciones carece de jurisdicción para atender el asunto.

-IV-

De conformidad con la Regla 83 (C), *supra*, se **desestima** el recurso.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*